UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN CHARLES FORTIER,

       Plaintiff,

v.                                                                      Case No:  8:25-cv-02076-JLB-LSG

FLAGSTER BANK, et al.,

       Defendants.

_____/

## ORDER

Before the Court is *pro se* Plaintiff Stephen Charles Fortier's Amended Complaint against Defendants Flagster Bank, Lakeview Loan Servicing, Equifax, Tran Union, County of Pasco, Declan Mansfield, Kemba Johnson Lewis, Gregg Dreilinger, Diaz, Anselmo and Associates, Florida Bar Association, Experian, and Nichole Alvarez-Sowles.  (Doc. 8).  For the reasons stated below, the Amended Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## BACKGROUND

On June 16, 2023, Flagster began state foreclosure proceedings against Plaintiff in the Sixth Judicial Circuit in and for Pasco County, Florida.  (Doc. 8-6).  In February 2025, Flagster moved to substitute Lakeview as the plaintiff in the state proceeding pursuant to an assignment of the mortgage.  (Doc. 8-8 at 131–36).  On July 27, 2025, the state court entered final judgment in favor of Lakeview.  (Doc.

8-1 at 56–61).  On August 18, 2025, Plaintiff filed the instant action.  (Doc. 1).  Now before the Court is Plaintiff's Amended Complaint.  (Doc. 8).

## LEGAL STANDARD

"Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties."  *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020).  "[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim . . . ."  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).  "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."  *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## DISCUSSION

Upon careful review, the Court determines that it lacks subject matter jurisdiction to consider the Amended Complaint as to all Defendants under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine applies to cases involving "state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).  It is a narrow doctrine that "follows naturally from the jurisdictional boundaries that Congress has set for the federal courts.  First, federal courts are courts of original jurisdiction—they generally cannot hear appeals . . . .

And second, only the Supreme Court can 'reverse or modify' state court judgments . . . ." *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (citations omitted).

Accordingly, *Rooker-Feldman* does not bar a plaintiff's claims simply because they deal with events that happened in state court. *Id.* at 1212. To be excluded, each claim must be "a direct attack on the underlying state court decision." *Id.* (citation omitted). Thus, claims for damages are not inherently barred by *Rooker-Feldman*, but they become so if they require the federal court to review and reject the state court's decision. *Efron v. Candelario*, 110 F.4th 1229, 1238 (11th Cir. 2024). The core question is "whether the substance—if not the form—of a plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment." *Id.* at 1238 (citing *Behr*, 8 F.4th at 1211).

Here, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because he asks the Court to either overturn the state court foreclosure judgment or award damages to Plaintiff because of the foreclosure judgment and award. Plaintiff brings eight claims: (1) breach of contract against Flagster for refusing to disclose information, leading to foreclosure; (2) fraud against "[t]he court, opposing counsel, and the bank" for allowing foreclosure despite contrary evidence; (3) Sherman Act and Clayton Act violations for being deprived of the chance to speak in a state court hearing; (4) deprivation of rights under color of law against the state court judges for ignoring evidence; (5) Mail and Wire Fraud against the banks and their counsel, which led to the state court's decision despite Plaintiff's submission of contrary evidence to the state court; (6) violation of the Securities Exchange Act against the

3

banks for concealing information, prohibiting Plaintiff from proving in state court that fraud occurred; (7) due process violations against the state court judges; and (8) violation of the Truth in Lending Act against the bank for failure to disclose all evidence during the state court litigation. (Doc. 8 at 5–10). Plaintiff seeks relief in the form of title to his home and full access to his "minor estate accounts without the control of the banks[.]" (*Id.* at 10).

Because each claim is essentially an appeal of the state court's judgment, albeit using different language, *Rooker-Feldman* applies, and the Court lacks subject matter jurisdiction.[1] *See Efron*, 110 F.4th at 1236. The proper remedy for the Plaintiff is to file appropriate appeals or writs in Florida state court.

Plaintiff also seeks $200,000,000 in punitive and compensatory damages. (Doc. 8 at 10). Because awarding these damages depends on whether the state court's judgment was correct, this relief is barred by *Rooker-Feldman*.

Last, Plaintiff asks this Court to issue him a "[p]assport reflective of [his] status as a State National" and an "order notifying each of the three credit reporting agencies . . . to report a beacon score of at least 896 with no negative items

---

[1] As an attempt to invoke this Court's federal question jurisdiction and distance his attacks on the state foreclosure proceedings, Plaintiff lists the Sherman Act, Clayton Act, and Truth in Lending Act. After this Court's liberal construction of the Amended Complaint, the Court finds that the facts alleged do not remotely support any of those claims. They are federal claims in name only. They are simply thinly veiled and frivolous claims attempting to attack the state court foreclosure proceedings. And even if those claims did not fall within the confines of the *Rooker-Feldman* doctrine, the Court finds that they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) and are due to be dismissed. *See Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 858 (11th Cir. 2013) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("*Rooker–Feldman* may bar federal jurisdiction even where federal claims were not fully addressed by the state court so long as 'those [federal claims] were] inextricably intertwined with the state court's judgment.'") (alterations in original)).

4

listed on [his] accounts without [his] express authorization." (Doc. 8 at 10).  The Court cannot compel a credit agency to raise Plaintiff's credit score, nor can it issue a passport.

<b>CONCLUSION</b>

Accordingly, it is **ORDERED**:

(1)   Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED without prejudice**.

(2)   Defendants' motions to dismiss (Docs. 17, 33, 47, 49, 53, 57, 58) are **DENIED as moot**.

(3)   The Clerk of the Court is **DIRECTED** to terminate all pending deadlines and motions, and close the case.

**ORDERED** in Tampa, Florida, on April 27, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE